**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2016

LETTER TO COUNSEL

RE:   *Michael David Vance v. Commissioner, Social Security Administration*;
       Civil No. SAG-15-3089

Dear Counsel:

On October 11, 2015, Plaintiff Michael David Vance petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's motion for summary judgment, Mr. Vance's reply, and the Commissioner's court-authorized surreply.[1] (ECF Nos. 16, 17, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Vance filed his claim for benefits on October 4, 2011, alleging a disability onset date of April 1, 1999. (Tr. 148-54). His claim was denied initially and on reconsideration. (Tr. 82-85, 87-88). A hearing was held on June 13, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 39-67). Following the hearing, the ALJ determined that Mr. Vance was not disabled within the meaning of the Social Security Act during the relevant time frame before his date last insured ("DLI"), December 31, 2004. (Tr. 27-38). The Appeals Council twice denied Mr. Vance's requests for review. (Tr. 13-14, 17-22). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Vance suffered from no severe impairments during the relevant time period between his alleged onset date and his DLI. (Tr. 32-34). Accordingly, the ALJ concluded that Mr. Vance was not disabled. *Id.*

---

[1] Mr. Vance did not file a timely motion for summary judgment. Although, in his reply to the Commissioner's motion, he tries to move "this honorable court for summary judgment in favor of plaintiff," Pl. Reply at 1, he missed his opportunity to do so without good cause. His failure to file a timely motion and his raising of new arguments in his reply required a surreply from the Commissioner, and ultimately delayed adjudication of his appeal. These facts should be considered if there is a petition for attorney's fees filed in this matter.

*Vance v. Commissioner, Social Security Administration*
Civil No. SAG-15-3089
September 21, 2016
Page 2

In reply to the Commissioner's motion for summary judgment, Mr. Vance raises two arguments: (1) that his DLI was calculated incorrectly; and (2) that the ALJ erred in assigning weight to the medical evidence. I agree with the latter point, as discussed below, and remand is therefore appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Vance was not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful argument, Mr. Vance takes the somewhat confusing position that the Commissioner failed to explain the calculation of his DLI. Pl. Reply at 1-3. However, Mr. Vance neither establishes that the Commissioner's DLI calculation was incorrect nor that the Commissioner has a duty to further explain how the DLI was calculated. Accordingly, there is no basis for remand on that ground.

However, I agree that the ALJ erred in assigning weight to the medical evidence in this case. The ALJ rested her opinion on a finding that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Tr. 32). This is not a case, however, in which a claimant is trying to allege an impairment based on undiagnosed symptoms. Mr. Vance's longtime physician, Dr. Levickas, consistently diagnosed Mr. Vance with anxiety during the relevant time frame, and premised the diagnosis not only on patient history but on his clinical observations. *See, e.g.,* (Tr. 292) (clinical notes from August 5, 2004 containing diagnosis of anxiety); (Tr. 294) (clinical notes from March 9, 2004 containing diagnosis of anxiety); (Tr. 295) (clinical notes from November 28, 2003 containing diagnosis of anxiety); (Tr. 297) (clinical notes from October 10, 2003 discussing anxiety and how it manifests for Mr. Vance); (Tr. 298) (clinical notes from August 7, 2003 discussing diagnosis of anxiety as "pertinent" and stating that Mr. Vance "intermittently feels like on a boat – not sure if 'real' or not"); (Tr. 301) (clinical notes from September 27, 2002 containing diagnosis of anxiety); (Tr. 307) (clinical notes from January 25, 2002 indicating that Mr. Vance "had panic attack in waiting room" and stating that, on examination, Dr. Levickas noted that Mr. Vance was "anxious and obsessive about his wt."); (Tr. 309) (clinical notes from August 15, 2000 containing diagnosis of anxiety and describing clinical observation that Mr. Vance was "anxious" on exam). Dr. Levickas prescribed medications throughout that period including Xanax and Klonopin for anxiety. *See, e.g.,* (Tr. 292).

The diagnosis by the medical doctor is further corroborated by Mr. Vance's sporadic work history, the testimony from Mr. Vance's wife at the hearing regarding his mental state during the relevant time frame, (Tr. 46-65), and the letter from Donna E. Burns, LCPC, who treated Mr. Vance throughout 2004 for severe anxiety and panic disorder, (Tr. 360). Finally, the consultative examiner indicated in her report a "reported onset of panic attacks @ age 12." (Tr. 378).

In light of the evidence of record, the ALJ did not cite substantial evidence to support her conclusion that Mr. Vance had no severe impairments. The ALJ gave "little weight" to the consultative examiner, finding that Mr. Vance's impairments at the time of the consultative examination "did not affect the claimant prior to his date last insured." (Tr. 33-34). The ALJ provided no factual support for that conclusory assertion. The ALJ also assigned "little weight"

to Ms. Burns's letter on the basis that "the author is an LCPC and not an accepted treating physician." (Tr. 34). Whether a source is an "acceptable medical source" or not is a factor that may be considered in assigning weight to that source's opinion. *See* Social Security Ruling ("SSR") 06-3P. However, the opinion of a non-acceptable medical source, such as an LCPC, remains relevant in determining the severity of an impairment and its impact on an individual's ability to function. *Id.* SSR 06-3P explains that the same factors that apply to evaluating the opinions of medical sources apply to evaluating the opinions of other sources. *Id.* None of those factors were considered with respect to Ms. Burns's letter, despite the fact that her statements were supported by the treatment records from Dr. Levickas. Finally, the ALJ erred in stating that Dr. Levickas's diagnosis of anxiety "is never discussed," and that "[t]he medical evidence of record does not contain any record of treatment for mental impairments," per the extensive treatment notes cited above. (Tr. 34). Anxiety, like many other mental impairments, is not subject to objective testing. Where, as here, a medical doctor has made a diagnosis and has prescribed medication on the basis of his clinical observations, an ALJ cannot summarily reject "the existence of a medically determinable impairment." On remand, the ALJ should again consider the existence of anxiety and panic disorder as severe impairments and should proceed through the appropriate sequential evaluation.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                Sincerely yours,

                                /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge